**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:24-cr-00091 (GHW) |
| -v- | |
| ANDREY KOSTIN et al., | **MOTION FOR LEAVE TO SEEK BILL OF PARTICULARS** |
| Defendants. | |

       Defendant Vadim Wolfson seeks leave to file a Motion for a Bill of Particulars, in the form of the pleadings and related attachments filed in connection with ECF Nos. 81–83. Pursuant to Federal Rule of Criminal Procedure 7(f), a defendant "may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Because more than 14 days have passed since Mr. Wolfson's arraignment, he files this motion seeking the Court's leave. Courts determining whether to grant leave to file outside the 14-day window consider whether there are "factual circumstances to indicate good cause." *See United States v. McKay*, 70 F. Supp. 2d 208, 211 (E.D.N.Y. 1999) (considering issue under prior version of the rule, which had a 10-day window). Here, good cause exists for two reasons.

       First, given the complexity of the case, it took counsel time to evaluate the gaps in the government's case. The government has produced more than 4.4 million pages of documents, with the most recent production occurring on November 6, 2024. And the government has not even completed its productions. Instead, the prosecution team has indicated that additional Rule 16 and Section 3500 materials remain forthcoming. Moreover, the number of pages significantly understates the volume of production, as the entire contents of devices, such as a phone and iPad, have been produced as spreadsheets, which each comprise just one Bates number per device but

contain voluminous data. Through a careful review of the productions, counsel was able to narrow down the request for a bill of particulars to just two issues, as reflected in the proposed motion. It would not have been practical to make a targeted, informed request within 14 days.

Second, Mr. Wolfson desired to meet and confer with the prosecution to attempt to obtain clarity on the government's anticipated proof prior to requesting a bill of particulars. To that end, as explained in the proposed motion, undersigned counsel met with the prosecution team in August 2024 and conferred with the government by email earlier this month in an attempt to obtain the basis for the two at-issue allegations. As reflected in the proposed motion, the government has declined to provide the necessary information, thus requiring the remedy of a bill of particulars.

Mr. Wolfson met and conferred with the government, whose position is: "We may object to the motion as being untimely, among other things."

Dated: November 25, 2024

/s/ David C. Rybicki
David C. Rybicki
Michael C. Harper
Robert S. Silverblatt
K&L Gates LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: (202) 778-9370
Facsimile: (202) 778-9100
David.Rybicki@klgates.com
*Counsel for Defendant Vadim Wolfson*