UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:24-cr-00091 (GHW) |
|                 Plaintiff, | |
|     -v- | |
| ANDREY KOSTIN et al., | |
|                 Defendants. | |

**DEFENDANTS VADIM WOLFSON'S AND GANNON BOND'S
JOINT MEMORANDUM OF LAW IN OPPOSITION TO
THE GOVERNMENT'S MOTION FOR RULE 15 DEPOSITIONS**

509107019.3

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1

A.  Applicable Legal Standard Under Rule 15 .......................................................... 1

B.  The Government Has Failed to Demonstrate That ▇▇▇ and ▇▇▇▇▇ Are Unavailable for Trial ................................................................................................ 2

CONCLUSION ............................................................................................................................ 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*United States v. Al Fawwaz*,
  No. S7 98 CRIM. 1023 LAK, 2014 WL 627083 (S.D.N.Y. Feb. 18, 2014) ............................. 3

*United States v. Cohen*,
  260 F.3d 68 (2d Cir. 2001) .................................................................................................... 1

*United States v. Johnpoll*,
  739 F.2d 702 (2d Cir. 1984) .................................................................................................. 1

*United States v. Kassar*,
  572 F. Supp. 2d 375 (S.D.N.Y. 2008) ................................................................................ 3, 4

*United States v. Kelley*,
  36 F.3d 1118 (D.C. Cir. 1994) .............................................................................................. 1

*United States v. Oudovenko*,
  No. 00 Cr. 1014 (JG), 2001 WL 253027 (E.D.N.Y. Mar. 7, 2001) ....................................... 1

*United States v. Pham*,
  No. 12-CR-423 (AJN), 2015 WL 7871348 (S.D.N.Y. Dec. 4, 2015) .............................. 3, 4, 5

*United States v. Whiting*,
  308 F.2d 537 (2d Cir. 1962) .................................................................................................. 1

**Other Authorities**

Fed. R. Crim. P. 15 ................................................................................................... 1, 2, 3, 4

Fed. R. Crim. P. 15(a)(1) ............................................................................................................. 1

Defendant Vadim Wolfson respectfully opposes the government's Motion to Take Rule 15 Depositions of ▬▬▬ and ▬▬▬▬▬▬ (ECF No. 119). The government has failed to demonstrate that ▬▬ and ▬▬▬▬ would be unavailable for trial for purposes of Federal Rule of Criminal Procedure 15. Accordingly, the Court should deny the government's motion.

Defendant Gannon Bond respectfully joins in this Opposition to the government's Motion to Take Rule 15 Depositions of ▬▬▬▬ and ▬▬▬▬▬▬.

## ARGUMENT

### A.  *Applicable Legal Standard Under Rule 15*

Rule 15 depositions sought by the government without a defendant's consent of are permitted in "exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). The burden is on the movant—here, the government—to establish that exceptional circumstances exist and that injustice will result if the motion is denied. *See United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962); *see also United States v. Kelley*, 36 F.3d 1118, 1124 (D.C. Cir. 1994). With respect to depositions proposed to be taken outside the United States, as here, "more than one court has observed that 'foreign depositions are suspect and, consequently, not favored.'" *United States v. Oudovenko*, No. 00 Cr. 1014 (JG), 2001 WL 253027, at *3 (E.D.N.Y. Mar. 7, 2001) (quoting *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993)).

To obtain leave to take a deposition pursuant to Rule 15, a movant must show that: (1) the prospective witness is "unavailable" for trial; (2) the testimony is material; and (3) the testimony is necessary to prevent a failure of justice. *See United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001). As to the first prong of unavailability, the party requesting the Rule 15 depositions must make a "good-faith effort to produce the person to testify at trial." *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984).

B.  **The Government Has Failed to Demonstrate That ▆▆ and ▆▆ Are Unavailable for Trial**

The government has failed to establish that the two requested foreign-based witnesses are unavailable to travel to the United States to testify and has not demonstrated the good-faith effort to produce them at trial that Rule 15 requires.

First, the government has failed to meet its burden to demonstrate unavailability because ▆▆ and ▆▆ purported reasons for their unavailability at trial are insufficient. The government indicated that ▆▆ and ▆▆ "reside beyond the subpoena power of this Court and are unwilling to travel to the United States to testify during the currently scheduled June 2025 trial…" ECF No. 119 at 8. In the Felton Affidavit, AUSA Felton indicated that "On phone calls on February 12 and 13, 2025, counsel to ▆▆ and ▆▆ for the first time informed the government that they are not willing to travel to the United States to testify at the trial scheduled for June 16, 2025. In response, the government offered to pay for ▆▆ and ▆▆ travel and lodging expenses and provide a per diem for incidental expenses. Counsel to ▆▆ and ▆▆ reiterated that, notwithstanding the government's offer to pay for ▆▆ and ▆▆ travel and lodging expenses and provide a per diem, both ▆▆ and ▆▆ remained unwilling to travel to the United States to testify at the trial." ECF No. 119-1 at ¶ 7.

However, the government fails to mention that prior to filing the motion, the government informed counsel to Mr. Wolfson that they intended to seek the Rule 15 depositions and as to unavailability indicated that, "we understand that ▆▆ and ▆▆ have *scheduling conflicts* that will not allow them to travel to the U.S. in June." *See* Rybicki Declaration (Rybicki Decl. ¶ 5) (emphasis added). On February 20 and March 17, 2025, counsel for Mr. Wolfson spoke to the attorney for ▆▆ and ▆▆, who, in line with the government's prior representations, indicated that ▆▆ and ▆▆ business was "global" in nature and that they planned to

2

509107019.3

travel on business during June. *Id.* ¶ 6. Counsel for ▮▮▮▮ and ▮▮▮▮ also stated that they had "preexisting business commitments" and "potential other obligations" which will prevent their attendance at trial. *Id.* ¶ 7.

Courts have repeatedly rejected arguments of witness unavailability for a Rule 15 deposition based on "potential" or speculative scheduling conflicts, emphasizing that logistical challenges, work commitments, and potential travel issues are insufficient to establish unavailability. "[S]peculation that some theoretical future work commitments might make [a witness] unavailable is entirely insufficient to support a finding of unavailability." *United States v. Pham*, No. 12-CR-423 (AJN), 2015 WL 7871348, at *4 (S.D.N.Y. Dec. 4, 2015) (citing *United States v. Kassar*, 572 F. Supp. 2d 375, 376 (S.D.N.Y. 2008)); *Kassar*, 572 F. Supp. 2d 375, 376 ("vague speculation that some theoretical future work commitments might make him unavailable is entirely insufficient to support a finding of unavailability"); *see also United States v. Al Fawwaz*, No. S7 98 CRIM. 1023 LAK, 2014 WL 627083 at *2 (S.D.N.Y. Feb. 18, 2014) ("Such speculative concern that logistics, work, or travel schedules might prevent a witness's attendance at trial is not sufficient to satisfy the unavailability requirement.").

In *United States v. Pham*, the Court declined to authorize a Rule 15 deposition of defendant's witness who was allegedly unavailable due to work commitments as the head of a mental health clinic. 2015 WL 7871348 at *4. The Court found this reasoning insufficient, stating that "speculation that some theoretical future work commitments might make [witness] unavailable is entirely insufficient to support a finding of unavailability." *Id.* at *4 (citing *Kassar*, 572 F. Supp. at 376). The Court further noted that the "[witness] has almost three months to rearrange her work schedule to appear at trial." *Id.* Because defendant failed to indicate whether any efforts had been made to rearrange the witness' schedule or otherwise specify why the witness'

3

work commitments prevent her from testifying, the court held that defendant failed to demonstrate a "good-faith effort to produce [her] to testify at trial." *Id.* (citation omitted).

Similarly, in *United States v. Kassar*, the Court denied defendant's Rule 15 motion to take three depositions in Spain, finding that the defense failed to establish unavailability. *See* 572 F. Supp. 2d at 376. Defendant's first witness claimed his work may require him to leave Spain on short notice, but the Court found this argument speculative and noted that "vague speculation that some theoretical future work commitments might make him unavailable is entirely insufficient to support a finding of unavailability." *Id.* Moreover, the Court observed that "it is exceedingly unlikely, on its face, that he would be unavailable throughout the approximately three weeks estimated for this trial." *Id.* The Court also rejected claims from the second proposed witness, that he was "too busy…to travel," to testify, calling it "preposterous on its face." *Id.* at 377. The Court found the third witness' claim of unavailability—that he could not "afford to take time off to travel to the United States" because of his two jobs—"absurd on its face." *Id.* The Court concluded that the witnesses' representations were "so palpably flimsy as to call into question their good faith" and denied the motion with prejudice. *Id.*

Like in *Pham* and *Kassar*, the unavailability of ▇▇▇▇ and ▇▇▇▇ is purportedly based on undescribed work commitments. Their attorney added that "potential other obligations" might prevent their testimony. Rybicki Decl. ¶ 7. Such vague justifications and theoretical future commitments are precisely the kinds of reasons that courts find insufficient to support a finding of unavailability. *See Pham*, 2015 WL 7871348 at *4; *Kassar*, 572 F. Supp. 2d at 376-77. Further, the government has provided no information that ▇▇▇▇ and ▇▇▇▇ "scheduling conflicts" would run the duration of the trial in this matter, which is expected to last several weeks. Nor has the government provided any information indicating that

▓▓▓▓▓▓▓ and ▓▓▓▓▓▓ have made any efforts to rearrange their schedules, for which they have had nearly four months' notice.  *See Pham*, 2015 WL 7871348, at *4 (finding a failure to demonstrate a "good-faith" effort to produce the witness to testify at trial where the witness had three months to rearrange her work schedule and because the moving party did "not indicate[] whether any efforts have been made for [witness] to rearrange her schedule.")  Accordingly, the government has failed to show that ▓▓▓▓ and ▓▓▓▓▓▓ are unavailable or that it has established a good-faith effort to produce the witnesses at trial.

## CONCLUSION

For the foregoing reasons, the government's motion should be denied.

PLEASE TAKE FURTHER NOTICE that Defendant Gannon Bond joins in this opposition and that the government opposes it.

Dated:   March 17, 2025

*/s/ David C. Rybicki*
David C. Rybicki
Michael C. Harper
Robert S. Silverblatt
Anna E. L'Hommedieu
K&L Gates LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: (202) 778-9370
Facsimile: (202) 778-9100
David.Rybicki@klgates.com
*Counsel for Defendant Vadim Wolfson*

5

509107019.3