

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 22, 2025

**BY ECF**
The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Vadim Wolfson, a/k/a "Vadim Belyaev," and Gannon Bond</u>,
            <u>S2 24 Cr. 91 (GHW)</u>

Dear Judge Woods:

       The Government respectfully writes with regard to defendants' joint motion to suppress evidence responsive to a search warrant dated March 27, 2025 (the "2025 Warrant") and other related relief (the "2025 Warrant Motion"). (Dkt. 162). As described in the Government's prior letter submission (Dkt. 169), the 2025 Warrant authorized the search of data obtained from Wolfson's cellphone, Wolfson's iPad, and Bond's cellphone (collectively, the "Subject Data") for the time period between May 1, 2014, and February 22, 2024. Prior to obtaining the 2025 Warrant, the Government had obtained search warrants authorizing the search of the Subject Data for the time period from January 1, 2018, through March 31, 2022 (the "Initial Warrants").

       On Wednesday, May 14, 2025, the Government participated in a meeting with counsel for defendants Vadim Wolfson and Gannon Bond to discuss various issues, including matters pertaining to the 2025 Warrant. Following that discussion with defense counsel and after further review by this Office of the particular circumstances presented here, the Government has determined that it will only seek to introduce evidence from the Subject Data that falls within the scope of the Initial Warrants, and will not rely at trial on evidence obtained pursuant to the 2025 Warrant.

       At bottom, putting aside the legal arguments made by the parties on this issue, the Government's review of the Subject Data did not account for the time period restriction in the Initial Warrants, and for that reason, the Government has determined not to proceed with evidence obtained under the expanded 2025 Warrant. Accordingly, the Government respectfully submits

that the 2025 Warrant Motion should be denied as moot, but of course is available to address any matters or inquiries from the Court in light of the Court's consideration of that motion to date.

                                    Respectfully submitted,

                                    JAY CLAYTON
                                    United States Attorney

By:   s/ _____
        Emily Deininger
        David R. Felton
        Jane Kim
        Assistant United States Attorney

cc:    Defense Counsel (by ECF)