

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 30, 2025

**BY ECF**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **United States v. Andrey Kostin, et al.**, S2 24 Cr. 91 (GHW)

Dear Judge Woods:

      The parties jointly write in response to the Court's Order of May 28, 2025, directing the parties to submit a joint letter with a scheduling proposal regarding an evidentiary hearing on the issue of whether the Government flagrantly disregarded the terms of certain search warrants. (Dkt. 198).

      Defendants are prepared to conduct an evidentiary hearing on June 4, 2025. The Government, however, informed Defendants that it is not feasible to proceed on June 4 because it needs time to prepare its witnesses, gather exhibits, and collect 3500 materials. In light of this, the parties jointly request a hearing the week of June 9, 2025.[1] The Government respectfully submits that this scheduling will permit sufficient time to prepare and provide relevant pre-hearing exhibits and 3500 material to the defense, and the defense does not object. The Government will identify to defense counsel the individuals, including agents and prosecutors, involved in executing the at-issue warrants by the later of June 3, 2025, or a week prior to the hearing, and the Government will also inform defense counsel of its anticipated witness list at that time. The Government anticipates calling as witnesses all of the individuals involved in executing the at-issue warrants but, to the extent that changes, will make those individuals available to be called by the defendants. The Government currently anticipates calling three witnesses, and expects that the hearing can be completed in one day. Defendants will need to review the Government's disclosures before taking a position on how long the hearing will take.

---

[1] If feasible, the Government requests June 11. One of the Government's anticipated witnesses is currently unavailable on June 12 or 13, 2025. To the extent that the Court is unavailable the week of June 9, 2025, the Government respectfully requests that the hearing be scheduled for the week of June 16, 2025, when the Government understands that all of the parties and witnesses will be available because trial is currently scheduled to begin that week.

The parties agree to mutual disclosure of exhibits five days prior to the hearing, and production of 3500 materials three days prior to the hearing.

As the Court acknowledged in its May 28 Order, "the parties may have constraints" and "conducting an additional hearing may affect the parties trial preparation." (Dkt. 198). The parties agree that some adjournment of trial is appropriate. Defense counsel believe an adjournment of no longer than 30 days is warranted. While the Government will of course make itself available on whatever schedule the Court sets, it respectfully requests an adjournment to August 11, 2025, or later. The reason for the request for an adjournment beyond what the defense has consented to is that the undersigned Assistant United States Attorneys have pre-paid and non-refundable travel commitments during the weeks of July 21 and July 28, 2025. The Government also notes that it anticipates that it will file a response to the defendants' letter of May 29, 2025, by Monday, June 2, 2025, but that such an adjournment would provide time for the defense to "s[eek] Rule 15 testimony from the[] individuals," "s[eek] discovery directly from OFAC," and "develop other leads, including by speaking to third parties like banks and law firms referenced in the delisting petitions." (Dkt. 199). Although Defendants acknowledge that some adjournment of the trial is needed to allow for the hearing, their position is that evidentiary sanctions, rather than further delay, is the appropriate response to the *Brady* violations in light of their right to a speedy trial. The Government submits that its requested slightly longer adjournment—an additional approximately three weeks past the 30 days to which defendants consent—would not compromise defendants' rights to a speedy trial given that no time has yet run under the Speedy Trial Act: defendants consented to the exclusion of time between the time of their arrest and the current trial date of June 16, 2025, and time is currently tolled under the Speedy Trial Act given the pendency of defendants' suppression and *Brady* motions and the court-ordered hearing. 18 U.S.C. § 3161(h)(1)(D) & (H).

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____/s/_____
    Emily Deininger / David R. Felton
    Assistant United States Attorneys
    (212) 637-2472 / -2299

cc:   Counsel of Record (by ECF)