

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 10, 2025

**BY ECF**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **United States v. Andrey Kostin et al., No. 1:24-cr-0091 (GHW)**

Dear Judge Woods:

      The Government respectfully writes in response to the Court's Order dated June 4, 2024 (Dkt. 210) requiring the Government to submit any supplemental submissions in opposition to defendants Vadim Wolfson's and Gannon Bond's request for relief arising from a purported violation of the Government's *Brady* obligations by June 10, 2025. As described in the Government's prior letter submission dated June 2, 2025 (Dkt. 208), and in the attached declaration from a Senior Trial Attorney in the Money Laundering and Asset Recovery Section (the "MLARS Attorney"), the January Petitions[1] were received by the MLARS Attorney in connection with his work investigating a separate and wholly unrelated matter that did not involve any of the attorneys who were working on this case, and the potential relevance of the January Petitions did not become apparent to the MLARS Attorney until May 14, 2025, the same afternoon that he received the Third Petition. The MLARS Attorney informed an Assistant United States Attorney assigned to this case of the Petitions that same day, after which they were promptly produced on May 16, 2025, a full month prior to the then-scheduled trial date.

      For the reasons set forth in the Government's prior letter, the Petitions are not *Brady* materials. (Dkt. 208 at 4). But even assuming the defendants have suffered any prejudice, the appropriate remedy is a reasonable adjournment to allow the defendants to investigate the purportedly exculpatory information—a remedy that the defendants have effectively already received now that the trial has been adjourned from June 16 to August 11, 2025. (*See id.* at 7-8). Given the absence of any evidence of bad faith—indeed, the record shows that the Government immediately produced the Petitions upon identifying their potential relevance and has regularly produced materials above and beyond its Rule 16 and *Brady* obligations—the exclusionary remedy defendants request is unwarranted and would be inappropriate. (*See id.* at 5-6).

---

[1] For convenience, the Government uses the same defined terms as in its prior letter submission dated June 2, 2025. (Dkt. 208).

        Respectfully submitted,

        JAY CLAYTON
        United States Attorney

By:   /s/_____
        Emily Deininger / David R. Felton
        Assistant United States Attorneys
        (212) 637-2472 / -2299

cc:     Counsel of Record (by ECF)